Alfred SANTOS, Appellant,

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 14–03–00829–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 20, 2004.

Alfred Gregory Santos, Houston, for appellant.

Jeannette Duer, Linda Acevedo, Houston, for appellee.

Panel consists of Chief Justice HEDGES, and Justices FROST and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

The Commission for Lawyer Discipline filed a disciplinary action against appellant, Alfred Santos, alleging professional misconduct. In eleven issues, Santos appeals the trial court's judgment that he committed professional misconduct, its imposition of a one-year fully probated suspension from the practice of law and monetary sanctions. We affirm.[1]

### FACTUAL BACKGROUND

Vladimir Celovsky retained Santos to represent him in an immigration matter. A hearing was scheduled in the case on May 11, 2000; however, Santos failed to appear at the hearing. At some point following the May 11 hearing, Celovsky retrieved his file from Santos and hired another attorney. When Celovsky requested a refund of the $500 retainer paid to Santos, Santos refused to return the money and Celovsky filed a grievance against him.

After an initial investigation, the Commission for Lawyer Discipline commenced a disciplinary action against Santos. The case was tried before the court, which found Santos committed professional misconduct in violation of Rule 1.01(b)(1) of the Texas Disciplinary Rules of Professional Conduct. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01(b)(1), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X,

§ 9). The trial court imposed a one-year fully probated suspension from the practice of law and, as an ancillary sanction, ordered Santos to pay $4,725 in attorney's fees and $865.80 in costs.[2] This appeal ensued.

### DISCUSSION

In his brief, Santos lists his appellate issues as follows:

1. Tapes of the initial grievance hearing were admitted into evidence despite the fact that they were not produced during discovery.

2. Tapes from the initial grievance hearing were admitted into evidence despite the fact that they were hearsay.

3. Tapes from the initial grievance hearing were admitted into evidence despite the fact that they are confidential.

4. Tapes from the initial grievance hearing were admitted despite the fact that the trial was de-novo.

5. Set the Disciplinary Action to commence more than 180 days after the date the Disciplinary Petition was filed with the district clerk.

6. Allowed evidence concerning Court costs and attorney fees which was never provided during discovery.

7. No notice that sanctions portion of the trial was to be separate was provided.

8. By violating its own regulations, the Commission has violated Equal Protection and Due Process provisions of the Texas and United States Constitutions.

---

1. We publish this opinion pursuant to Texas Rule of Disciplinary Procedure. *See* TEX.R. DISCIPLINARY P. 6.06, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 1998).

2. Santos filed an unsigned and unverified motion for new trial which was apparently overruled by operation of law.

9. Bankruptcy was never agreed to be waived.

10. There is insufficient evidence to support a finding of misconduct.

11. No hearing was provided despite timely filing for New Trial.

### A. Evidentiary Rulings

■ We begin by addressing Santos's first four issues, concerning admission of the videotape made during his initial grievance committee hearing. Santos argues the videotape should have been excluded because: (1) it was not produced during discovery; (2) it is hearsay; and (3) it is confidential under the Texas Rules of Disciplinary Procedure.[3] Further, Santos states that the trial court is required to hear the disciplinary proceeding de novo and, by admitting the videotape from a prior hearing, the trial court violated this rule.

■ A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex.2000). Unless an erroneous evidentiary ruling probably caused the rendition of an improper judgment, we will not reverse it. *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 274 (Tex.App.-Houston [14th Dist.] 1999, no pet.). In deciding whether the exclusion or admission of evidence probably resulted in rendition of an improper judgment, we review the entire record. *Horizon*, 34 S.W.3d at 907; *Melendez*, 998 S.W.2d at 274. If there is any legitimate basis to support the trial court's evidentiary ruling, we must uphold the trial court's ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998).

Here, we do not address whether the videotape was admissible because, assuming without deciding for the purposes of this appeal, that the trial court abused its discretion in admitting the tape, Santos fails to demonstrate that its admission probably resulted in an improper judgment. *See* Tex.R.App. P. 44.1(a)(1); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 217 (Tex.2001) (applying harm analysis after assuming without deciding the trial court abused its discretion in excluding evidence). Indeed, Santos fails to include any argument regarding a harm analysis.[4] Moreover, upon review of the record, Celovsky's testimony on the videotape did not differ materially from his testimony during the bench trial and therefore, was cumulative. *See Hasty Inc. v. Inwood Buckhorn Joint Venture*, 908 S.W.2d 494, 501–02 (Tex.App.-Dallas 1995, writ denied) (noting that reversible error requires a showing the evidence admitted was dispositive and not merely cumulative). In sum, because Santos has failed to demonstrate that any alleged error in admitting the videotape probably resulted in

3. Tex.R. Disciplinary P. 2.15 (providing information and statements coming to the attention of the investigatory panel of the grievance committee must remain confidential and may not be disclosed to any person or entity unless disclosure is ordered by the court).

4. Santos notes in his brief that the Commission was "able to conduct depositions with information only they possessed." To the extent Santos may consider this a harm analysis, we note that at trial Santos acknowledged the tape had been produced approximately three months prior to trial. In addition, the Commission disclosed the existence of the tape to Santos in response to his discovery request, noting it could not be produced under Rule 2.15 of the disciplinary procedure rules because it was confidential. *See* Tex.R. Disciplinary P. 2.15. Consequently, Santos had knowledge of the tape during the discovery period, but failed to pursue production of the tape. Finally, Santos was also present at the grievance committee hearing, though he did arrive late, and had knowledge of Celovsky's allegations.

an improper judgment, we overrule issues one through four.

## B. Jurisdictional Challenge

■ In his fifth issue, Santos claims the trial court lost jurisdiction over the matter because the disciplinary petition was filed on January 22, 2002; however, trial was set for July 24, 2002, more than 180 days later. *See* TEX.R. DISCIPLINARY P. 3.07 (requiring a disciplinary action commence no later than 180 days after the disciplinary petition is filed).

■ First, we note that the time period within Rule 3.07 is directory only, not mandatory, and therefore, failure to comply does not deprive the court of jurisdiction. *See Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 836 (Tex.App.-Dallas 2000, no pet.); *see also Risker v. Commission for Lawyer Discipline*, 94 S.W.3d 625, 630 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Further, other than citing to the disciplinary rule, Santos makes no argument nor cites any authority in support of his position and failed to present this argument to the trial court. We overrule Santos's fifth issue. *See* TEX. R.APP. P. 33.1(a), 38.1(h).

## C. Sanctions

■ Santos's sixth issue concerns the admission of sanctions evidence. According to Santos, evidence of attorney's fees was presented "only at closing argument." He asserts that under the Rules of Civil Procedure, because there was no disclosure regarding attorney's fees during discovery, the trial court erred in admitting this evidence during the sanctions hearing. *See* TEX.R. CIV. P. 193.6(a).

Following the Commission's closing statement, the Commission's attorney requested Santos receive a probated suspension and that attorney's fees be imposed. In support of those fees, counsel offered affidavits as to the amount of the fees and costs. Santos objected, claiming he had requested expert witness information on attorney's fees. The Commission's attorney stated that information regarding attorney's fees had been supplied to Santos. At that point, the court informed the parties that, should it find Santos violated the rules of professional conduct, a separate evidentiary hearing concerning sanctions could be conducted. Santos, however, stated that if a sanctions hearing was going to be held, he was ready to proceed. He then reurged his objection to the attorney's fees evidence. The judge asked the parties if any discovery had been done on the issue and Santos read into the record several requests for production served on the Commission. Our record does not contain the discovery requests.

Subsequently, the trial court recessed for a short period to allow Santos to examine the evidence and, after review, Santos again objected, claiming that his questions during discovery were about sanctions. The court examined Santos's discovery requests, but did not construe them as requesting evidence of attorney's fees.[5] Though the Commission claims it objected to Santos's requests, the alleged objections are not in the record, but it appears that the Commission did attempt to respond to Santos's discovery requests.

Following this exchange, the trial court admitted the affidavits regarding attorney's fees and costs. Ultimately, the court concluded the proceedings by stating that, should she find a violation, she would allow

---

**5.** Specifically, Santos stated he had requested information "[c]oncerning any and all documents related to intentions that Alfred G. San-

tos should be reprimanded...." In response, the Commission provided Santos with a copy of a private reprimand.

ten to fourteen days to supplement "any information you want the court to consider as part of any sanctions." The record fails to reflect that Santos submitted any further information on the issue.

■ It is within the trial court's discretion to determine the punishment of a lawyer found guilty of professional misconduct. *See Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 234–35 (Tex. App.-Houston [14th Dist.] 2000, no pet.). The Rules of Disciplinary Procedure provide that a trial court may, also in its discretion, hold a separate, evidentiary hearing to determine the appropriate sanctions to be imposed, and attorney's fees and court costs may be awarded as an ancillary sanction. TEX.R. DISCIPLINARY P. 1.06(R), (T), 3.10. A disciplinary action heard in a district court is subject to the Texas Rules of Civil Procedure, except as varied by the Disciplinary Rules. *See* TEX.R. DISCIPLINARY P. 2.14, 3.08(B). For the purposes of this case, we assume without deciding that sanctions evidence is subject to the Rules of Civil Procedure.

The Rules of Civil Procedure provide that a party may discover information concerning a testifying expert. TEX.R. CIV. P. 194.2(f).[6] Rule 195.1 provides that a party may request the information only through a request for disclosure under Rule 194. TEX.R. CIV. P. 195.1. Here, from the record before us, it appears that Santos attempted to discover expert information re-

garding attorney's fees through requests for production. Therefore, to the extent he requested expert information through a request for production, his requests were improper because they failed to comply with the Rules of Civil Procedure. *See id.*

This does not mean that a party cannot request documents supporting the amount of attorney's fees claimed through other discovery tools and, if Santos made such a request, as he claims, then the Commission would have been obligated to respond to it. If the Commission failed to respond to a proper request, then Santos could rightfully have asserted that evidence of attorney's fees should be excluded under Rule 193.6. *See* TEX.R. CIV. P. 193.6. However, in this case the record does not contain the discovery requests in question and it is unclear whether the alleged requests, responses, and objections were made. Because there is no evidence in the record that Santos properly requested information concerning evidence of attorney's fees, we cannot conclude the Commission was under an obligation to produce it. *See Kawasaki Motors Corp., U.S.A. v. Thompson*, 872 S.W.2d 221, 224 (Tex.1994) (indicating that if there is no proper request for discovery, there is no corresponding duty to respond); *City of Paris v. McDowell*, 79 S.W.3d 601, 606 (Tex.App.-Texarkana 2002, pet. ref'd) (noting that because there was nothing in the record to indicate

---

**6.** Specifically, the Rule allows discovery of the following information:
(1) the expert's name, address, and telephone number;
(2) the subject matter on which the expert will testify;
(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
(B) the expert's current resume and bibliography[.]
TEX.R. CIV. P. 194.2(f).

the evidence admitted was never specifically requested through discovery, there was arguably no duty to supplement). Moreover, the trial court could have allowed the Commission to admit the evidence if it found there was good cause for the Commission's alleged failure to respond or that the failure would not unfairly surprise or prejudice Santos.[7] *See* TEX.R. CIV. P. 193.6(a)(1)–(2).

◼ Finally, Santos fails to demonstrate he was prejudiced by the trial court's actions. The trial court gave Santos the opportunity for additional discovery relating to attorney's fees sought by the Commission and offered to continue the hearing to allow him to obtain the information he claimed he was not provided. In effect, the trial court granted the same relief available under 193.6(c) had the Commission not been able to carry its burden under 193.6(b), that is, a postponement to allow a response to the discovery and to allow Santos to conduct discovery on any new information presented by the response. *See* TEX.R. CIV. P. 193.6(b), (c). Santos declined the offer to continue the proceedings, insisting on going forward. He can hardly be heard to argue that he was unfairly prejudiced.[8] We overrule Santos's sixth issue.

◼ In his seventh issue, Santos complains he was not provided with notice of a separate sanctions hearing. The Rules of Disciplinary Procedure provide that it is within the trial court's discretion to hold a separate evidentiary hearing on sanctions. TEX.R. DISCIPLINARY P. 3.10. Thus, after making a finding of professional misconduct, the trial court may immediately impose sanctions. *Skelton v. Comm'n for Lawyer Discipline*, 56 S.W.3d 687, 693 (Tex.App.-Houston [14th Dist.] 2001, no pet.). As an attorney, Santos is presumed to be familiar with the provisions in the Rules of Disciplinary Procedure and should have reasonably expected the court would immediately consider sanctions.[9] *See id.* Also, Santos did not object to the lack of notice of a separate sanctions hearing. Certainly, Santos received notice of the trial. Moreover, when the issue of a sanctions hearing was raised, Santos stated that he was ready to proceed.[10] We overrule Santos's seventh issue. *See id.; see also* TEX.R.APP. P. 33.1, 38.1(h).

◼ Next, in his eighth issue, Santos argues that the trial court's final order, which states the sanctions imposed will not be dischargeable in bankruptcy, is a violation of his due process and equal protection rights under the Texas and United States Constitutions. Again, the record

---

7. We note, in its original disciplinary petition the Commission prayed for costs of court and attorney's fees.

8. Santos does not argue that the Commission was not entitled to costs of court and attorney's fees. *See* TEX.R. DISCIPLINARY P. 1.06(R), (T).

9. The Commission had requested sanctions be imposed in their pleadings.

10. In his motion for new trial, Santos states: "It was at this late stage in the trial that it was claimed that trial notice was never properly provided. It this is true (sic), then additional issues of discovery time periods, answer periods, pleading amendment and jury request become an issue." To the extent Santos may argue his motion apprises the court of his complaint, we disagree. First, we note that Santos has failed to provide any record cites, directing our attention to where this issue was raised during the "late stage in the trial" and our independent review of the record does not reveal that Santos raised the issue. Finally, after reading his motion, we do not agree that it sufficiently served to direct the trial court's attention to his complaint that he failed to receive lack of notice of a separate evidentiary hearing. *See* TEX R.APP. P. 33.1.

does not reflect that Santos objected to the court's judgment or complained in any manner regarding the bankruptcy language and thus, he has failed to preserve this issue for our review. *See* Tex.R.App. P. 33.1; *see also Magnuson v. Mullen*, 65 S.W.3d 815, 829 (Tex.App.-Fort Worth 2002, pet. denied) (noting that even constitutional complaints may be waived if not properly presented to the trial court). Further, Santos fails to provide any argument or authority in support of his contention. *See* Tex.R.App. P. 38.1(h). We overrule Santos's eighth issue.

■ Likewise, Santos has waived his ninth issue. In presenting that issue, Santos states: "By violating its own regulations, (see points of error 3, 4, 5,) and by violating The (sic) Texas Rules of Civil Procedure, (see points of error 1, 2, 6, 7, 8) the Commission has violated Equal Protection and Due Process provisions of the Texas and United States Constitutions." This is the extent of his argument. Moreover, there is no indication in the record that Santos ever raised this argument in the trial court. We overrule Santos's ninth issue. *See* Tex.R.App. P. 33.1, 38.1(h); *Magnuson*, 65 S.W.3d at 829.

■ In his tenth issue, Santos states that the evidence is insufficient to support the trial court's judgment. In his brief, Santos contends that Celovsky's testimony was contradictory and therefore, did not meet the burden of the Commission to prove misconduct by a preponderance of the evidence. *See* Tex.R. Disciplinary P. 3.08(c) (providing that disciplinary actions must be proved by a preponderance of the evidence). However, the trier of fact is the sole judge of the credibility of witnesses and

the weight to be given to their testimony. *See Curtis*, 20 S.W.3d at 231. We may not substitute our judgment for that of the trial court in a bench trial. *Id.* Moreover, Santos fails to cite to any portion of the record in support of his contention that Celovsky's testimony was inconsistent, and also fails to cite to any authority. We find Santos has waived this issue. *See* Tex.R.App. P. 38.1(h); *see also Curtis*, 20 S.W.3d at 231 n. 2 (noting that an appellate court is under no duty to search the record for evidence to support an appellant's position).

■ Even assuming Santos preserved the issue, we disagree that the evidence is insufficient to support the verdict. Santos was found to have violated Rule 1.01(b)(1) of the Texas Disciplinary Rules of Professional Conduct, which provides that in representing a client, a lawyer must not "neglect a legal matter entrusted" to him.[11] Tex. Disciplinary R. Prof'l Conduct 1.01(b).

■ In a factual sufficiency challenge, we consider all of the evidence in the record. *See Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We weigh and examine the evidence which supports the verdict and that which is contrary to it. *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 236 (Tex.App.-San Antonio 2001, pet. denied). We set aside the verdict only if the evidence is so weak, that the verdict is clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Here, Celovsky testified he met with Santos on April 29, 2000 concerning the immigration matter and hired Santos on that date to represent him. According to

---

**11.** Neglect is defined in the Rules as "inattentiveness involving a conscious disregard for the responsibilities owed to a client or clients." Tex. Disciplinary R. Prof'l Conduct 1.01(c).

Celovsky, he met with Santos again on May 3 and paid him $500. A receipt for the money was admitted into evidence. He also stated he gave Santos documents concerning the case, including a notice to appear in court on May 11 at 9:00 a.m. Celovsky testified that he specifically requested Santos be present at the May 11 hearing, as well as any other hearings in the case. Further, Celovsky testified that he and Santos agreed they would meet early on May 11, prior to the hearing, to sign papers. Celovsky testified—and Santos did not deny—that Santos failed to appear for the hearing. Santos did not contact Celovsky prior to the hearing to advise him he would not attend.

Celovsky testified that following the hearing he went to Santos's office and was told Santos was in a hearing. He then requested his file from Santos's secretary and, after receiving it, left the office. Celovsky contacted Santos the next morning and they met that afternoon. Celovsky stated that when he questioned Santos concerning his failure to attend the hearing, Santos got angry with him and told him to leave or Santos would call the police. Celovsky asked Santos to refund the retainer fee, but Santos refused. Celovsky then filed a grievance.

According to Santos's testimony, he failed to attend the hearing because Celovsky came and stole his file from Santos's office prior to the hearing date. Without Celovsky's file, Santos stated he was unaware of the hearing date and the amount of money Celovsky paid him. Santos testified that Celovsky came to his office on May 8 to fill out some paper work, became angry, and left with his file.

After examining all of the record evidence, we conclude that there is sufficient evidence to support the trial court's judgment. Accordingly, we overrule Santos's tenth issue.

In his final issue, Santos contends that because the trial court refused to conduct a hearing on his motion for new trial, his due process and equal protection rights were violated.

Each point relied upon in a motion for new trial must be designated in such a way that the complaint can be clearly identified and understood by the trial court. Tex.R. Civ. P. 321. In addition, grounds of objections couched in general terms shall not be considered by the trial court. Tex.R. Civ. P. 322. The allegations in a motion for new trial must be sufficiently specific to enable the trial court to understand what error is being alleged. *See id.* If objections asserted in a motion for new trial are stated too broadly, the trial court is under no obligation to consider the motion. *Id.; D/FW Commercial Roofing Co. v. Mehra,* 854 S.W.2d 182, 189 (Tex.App.-Dallas 1993, no writ).

In this case, it is not clear what Santos's arguments are in his motion for new trial. The trial court does not have to speculate as to the nature of alleged errors and did not err in failing to conduct a hearing on Santos's motion. *See* Tex.R. Civ. P. 322; *Mehra,* 854 S.W.2d at 190. We also note, Santos failed to sign his motion for new trial and therefore, the motion was defective. *See* Tex.R. Civ. P. 320. Finally, Santos fails to present any argument or cite to any authority in support of his contention that his constitutional rights were violated by the lack of a hearing on the motion. *See* Tex.R.App. P. 38.1(h). We overrule Santos's eleventh issue.

In sum, we overrule all of Santos's issues on appeal and accordingly, affirm the judgment of the trial court.