Affirmed and Memorandum Opinion filed April 27, 2006









Affirmed
and Memorandum Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00294-CV

____________

 

MARIO ONTIVEROAS, Appellant

 

V.

 

JOHN LOZANO AND
SAMUEL MEDRANO,
Appellees

 



 

On Appeal from the 189th
District Court

Harris County, Texas

Trial Court Cause No. 2003-47430

 



 

M E M O R A N D U M   O P I N I O N








This appeal arises from a car accident
involving Mario Ontiveroas, Samuel Medrano, and Medrano=s passenger, John
Lozano.  Ontiveroas stipulated to
liability and the trial proceeded to determine the amount of damages sustained
by Medrano and Lozano (Aappellees@).  In this appeal, Ontiveroas argues (1) the
evidence was factually and legally insufficient to submit mental anguish and
physical impairment as elements of appellees= damages to the
jury, (2) the judgment is defective because erroneous damage elements were
submitted in broad form to the jury and cannot be distinguished from factors
allowing an appropriate award, and (3) the trial court erred by admitting the
police report into evidence.  We affirm.

At 11:30 p.m. on April 14, 2003, appellees
were driving on the Interstate 45 feeder road when Ontiveroas ran a red light
at Woodridge and hit their vehicle.  The
impact caused appellees= vehicle to spin around, hit another car,
and land on the sidewalk.  Onlookers
helped appellees from the car, and the two men were taken by ambulance to the
hospital.

Ontiveroas stipulated to liability and a jury trial was
held to determine damages.  At the close
of trial, the jury received two identical broad-form jury questionsCone each for
Medrano and LozanoCasking what sum of money, if any, would
compensate each man for his injuries resulting from the accident.  The jury was instructed to consider only the
following elements:

a. Physical pain and mental anguish
in the past.

b. Reasonable and necessary medical expenses incurred in the past.

c. Physical impairment sustained in the past.

Ontiveroas objected to the mental anguish and physical
impairment elements of each question without stating the grounds for his
objection.  The court overruled his
objection and instructed the jury to consider the above elements separately,
without commingling damages found for one element in any other element.  The jury awarded $9,300 to Lozano and $25,000
to Medrano.

I. Evidentiary
Arguments








In his first and second issues, Ontiveroas
contends the evidence is legally and factually insufficient to support the
damage elements of mental anguish and physical impairment.  Ontiveroas timely filed a motion for new
trial alleging there was no evidence authorizing the submission of mental
anguish and physical impairment damage elements to the jury.[1]  The motion for new trial, however, contained
no challenge to the factual sufficiency of the evidence of either damage
element.  Because Ontiveroas did not
properly raise his factual sufficiency challenge to the trial court, he has
waived that complaint for our review.  Tex. R. Civ. P. 324(b)(2).  We overrule Ontiveroas= first and second
issues pertaining to factual sufficiency.

Ontiveroas also argues the evidence was
legally insufficient to submit the mental anguish and physical impairment
damage elements to the jury.  A trial
court shall submit questions to the jury that are raised by the written
pleadings and the evidence.  Tex. R. Civ. P. 278.  We review jury charge error for an abuse of
discretion.  Tex. Dep=t of Human Servs.
v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). 
A court abuses its discretion in connection with the charge and commits
reversible error if the error probably caused the rendition of an improper
judgment.  Tex. R. App. P. 44.1(a)(1); KPH Consol., Inc. v. Romero,
102 S.W.3d 135, 156 (Tex. App.CHouston [14th
Dist.] 2003), aff=d, 166
S.W.3d 212 (Tex. 2005).

A. Mental Anguish

A damage award for mental anguish will
survive a legal sufficiency challenge when there is direct evidence of the
nature, duration, and severity of the mental anguish, thus establishing a
substantial disruption in the plaintiffs= daily
routine.  Parkway Co. v. Woodruff,
901 S.W.2d 434, 444 (Tex. 1995).  When
such evidence is lacking, we apply traditional no-evidence standards to
determine whether there is any evidence of a Ahigh degree of
mental pain and distress@ that is Amore than mere
worry, anxiety, vexation, embarrassment, or anger@ to support an
award of mental anguish.  Saenz v.
Fidelity & Guar. Ins. Underwriters, 925 S.W.2d 607, 614 (Tex. 1996)
(quoting Woodruff, 901 S.W.2d at 444). 
There must also be some evidence to justify the amount awarded.  Id. 
Juries must find an amount that fairly and reasonably compensates for
the loss.  Id.








Appellees argue the test for determining
whether there is legally sufficient evidence of mental anguish as set out by
the Texas Supreme Court in Woodruff and Saenz does not apply in
personal injury cases.  Instead, they
contend Ait has long been
the law of this state that . . . mental anguish is presumed in the case of
bodily injuries.@ 
Appellees cite to several cases to support their argument.[2]








Mental anguish damages may be recovered in
virtually all physical injury actions.  Krishnan
v. Sepulveda, 916 S.W.2d 478, 481 (Tex. 1995).  In each of the cases cited by appellees,
however, compensable mental sufferingCthat is, that
causing a substantial disruption in daily routine or a high degree of mental
pain and distressCcould be readily implied as a natural
consequence of severe physical injury or death. 
There are a number of cases that indicate mental anguish may be inferred
upon a showing of serious bodily injury.[3]  We do not agree that a jury may automatically
infer mental anguish once any physical injury is sustained.  There must, instead, be specific evidence
upon which an award for mental anguish may be upheld.  Accordingly, we will apply the Texas Supreme
Court=s test as set out
in Woodruff and Saenz to determine whether the evidence
authorizes a finding of mental anguish in personal injury cases.[4]  See Jackson v. Gutierrez, 77 S.W.3d
898, 903 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(reversing mental anguish award when the only evidence of such was a
conclusory, affirmative response to a question of whether mental anguish was
suffered; this reply was no evidence of the nature, severity, duration or
degree of mental pain and distress suffered).[5]









Applying the Woodruff-Saenz test,
we find appellees offered at least some evidence they both suffered
mental anguish as a result of their injuries. 
Immediately after the accident, Medrano feared he might never be able to
walk without a limp or play basketball. 
Both men feared they would never return to their pre-accident physical
abilities, and they each experienced pain for at least a month after the
accident, including back, shoulder, and side pain that necessitated treatment
from a chiropractor.  At trial neither
plaintiff believed he had recovered Aa hundred percent@ since the
accident.

Appellees also testified they both feared
for their lives either immediately before or during the accident.  The severity of the collisionCwhich shattered
the glass in the vehicle, spun it around, caused it to hit another car and land
on a sidewalk, and left Medrano unable to exit from the driver-side doorCsupports this
testimony.  Fear of imminent death or
serious injury, even for a matter of seconds, provides some evidence of
mental anguish that is more than mere worry, anxiety, vexation or anger.  See Lee Lewis Constr., Inc. v. Harrison,
64 S.W.3d 1, 15B16 (Tex. App.CAmarillo 1999), aff=d, 70 S.W.3d
778 (Tex. 2001) (finding some evidence supported decedent=s mental anguish
during two-to-four-second fall from tenth floor of construction site although
evidence was factually insufficient to support recovery of $500,000); Port
Terminal R.R. Ass=n v. Sweet, 640 S.W.2d 362,
366B67 (Tex. App.CWaco 1982), aff=d, 653
S.W.2d 291 (Tex. 1983) (finding jury could reasonably infer decedent suffered
mental anguish caused by a terrifying realization that he might be hit by a
train after being thrown onto the tracks).








In City of Tyler v. Likes, the Texas Supreme Court
stated A[a] person who is
placed in peril by the negligence of another, but who escapes without injury,
may not recover damages simply because he has been placed in a perilous
position.  Nor is mere fright the subject
of damages.@ 
962 S.W.2d 489, 500 (Tex. 1997) (quoting Gulf, C. & S. F. Ry. Co.
v. Trott, 86 Tex. 412, 25 S.W. 419, 420 (Tex. 1894)).  However, here appellees introduced evidence
of their physical injuries resulting from the collision.  Further, they presented some evidence
they sustained a high degree of mental pain or distress as a result of their
physical injuries.[6]  Accordingly, we hold the trial court did not
abuse its discretion in failing to exclude mental anguish as an element of
damages.  We overrule Ontiveroas= first issue.

B. Physical Impairment

To submit past physical impairment as an element of
damages, appellees must establish, by more than a scintilla of evidence, that
they incurred injuries distinct from, or that extended beyond, injuries
compensable merely as pain and suffering, loss of earning capacity, or other
damage elements.  Patlyek v. Brittain,
149 S.W.3d 781, 786 (Tex. App.CAustin 2004, pet.
denied).  They must also show these distinct
injuries had a Asubstantial@ effect.  Id.

Medrano testified he (1) had trouble sleeping, (2) cannot
lift weights as he occasionally did before the accident (he now does push-ups
instead), (3) could not play basketball for one month after the accident, and
(4) could barely walk during that time. 
Lozano testified he (1) had difficulty sleeping, (2) could not help his
grandparents with chores such as  cutting
the grass, and (3) took longer getting out of bed or walking up a flight of
stairs.  This testimony is some
evidence of physical impairment as to both appellees.  See id. at 788 (finding inability to
turn head to the left constitutes some evidence of physical impairment).  We overrule Ontiveroas= second issue.

 








II. Police Report

In his third issue, Ontiveroas
argues the trial court erred by allowing the police report into evidence in its
entirety because it included opinions the police officer was not qualified to
render.  Specifically, Ontiveroas
contends the officer=s description of the accident as Amajor-truck-auto-auto@ and the officer=s notation that
both appellees sustained Apossible@ injuries provided
the jury with untrustworthy evidence that tainted their decision.

We review a trial court=s decision to
admit or exclude evidence for an abuse of discretion.  Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 906 (Tex. 2000).   We will
not reverse the trial court=s judgment unless
an erroneous evidentiary ruling probably caused the rendition of an improper
judgment.  Santos v. Comm=n for Lawyer
Discipline, 140 S.W.3d 397, 401 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  We review the
entire record to determine whether the exclusion or admission of evidence
probably resulted in the rendition of an improper judgment.  Id. 
If there is any legitimate basis to support the trial court=s evidentiary
ruling, we must uphold the trial court=s ruling.  Id.

Ontiveroas points this Court to the dissenting opinion in McRae
v. Echols to support his argument.  8
S.W.3d 797 (Tex. App.CWaco 2000, pet. denied).  In McRae, a police report was admitted
into evidence as an official record.  Id.
at 802.  Although he was designated as an
expert witness, the officer did not testify. 
Id.  The defendant objected
to the report, claiming it contained hearsay and improperly predicated expert
opinions.  Id. at 799.  The majority concluded the report was
admissible even though it contained opinions about the accident=s cause because
the officer=s conclusions were based on a factual
investigation, and were trustworthy under Texas Rule of Evidence 803(8).  Id. at 800.  The dissent argued that admissibility under
the hearsay rule does not excuse inadmissibility under the A700 series@ rules of
evidence.  Id. at 801 (Gray, J.,
dissenting).








The officer=s report in this
case is distinguishable from that in McRae.  The opinions contained in this report do not
concern accident reconstruction and do not touch on causation or liability,
both of which Ontiveroas stipulated to at trial.  Here, the officer was present at the scene of
the accident.  He interviewed witnesses,
observed the condition of both vehicles, and saw that appellees were being
taken to the hospital by ambulance.  By
describing the accident as Amajor-truck-auto-auto@ and entering code
AC@ to indicate Apossible injury@ for both
appellees, he merely reported his factual observations.

It is clear that not every opinion must be
provided by an expert to prove reliable or trustworthy.  See Tex. Dept. of Public Safety v. Struve,
79 S.W.3d 796, 803 (Tex. App.CCorpus
Christi  2002, pet. denied) (admitting
police officer=s report into evidence and stating officer
need not be an expert to give opinion about a person=s sobriety when he
has observed that person, but stating also that an officer should be qualified
as an expert if opinion is based on training and experience).  Evidence on causation or accident
reconstruction may need an expert=s opinion.  See Pilgrim=s Pride Corp. v.
Smoak, 134 S.W.3d 880, 892 (Tex. App.CTexarkana 2004,
pet. denied) (finding hearsay evidence inadmissible because officer not an
expert in accident reconstruction); Ter-Vartanyan v. R & R Freight, Inc.,
111 S.W.3d 779, 781B82 (Tex. App.CDallas 2003, pet.
denied) (discussing police officer=s qualifications
to give opinion about cause of accident). 
But see McRae, 8 S.W.3d at 800 (finding police officer=s opinions on
causation in report were based on factual investigation).  Here, the police officer did not need to be
qualified as an expert for his  Aopinions@ to be admissible.[7]  The trial court committed no error by
allowing the report into evidence in its entirety.  Accordingly, Ontiveroas= third issue is
overruled.

III. Broad-Form
Submission








In his fourth issue, Ontiveroas claims a
new trial is required because valid and invalid damage elements were commingled
in broad-form submission.  Harris
County v. Smith, 96 S.W.3d 230, 234 (Tex. 2003).  Because we find legally sufficient evidence
supports each of the challenged damage elements, we find no invalid damage
element was included in the broad-form submission.  Accordingly, we overrule Ontiveroas= fourth issue.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed April 27, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.











[1]  Appellees
argue Ontiveroas= failure to state the grounds of his objection at
trial waived his legal insufficiency arguments on appeal.  Ontiveroas timely filed a motion for new
trial containing his legal insufficiency arguments.  He has, therefore, preserved these issues for
our review.  Cecil v. Smith, 804
S.W.2d 509, 510B11 (Tex. 1991).





[2]  See Moore
v. Lillebo, 722 S.W.2d 683, 686 (Tex. 1986) (finding parents= proof of familial relationship is some evidence of
mental anguish suffered from wrongful death of their son); Tex. & P. Ry.
Co. v. Curry, 64 Tex. 85, 1885 WL 7126, *2 (1885) (stating Ait is contrary to common experience and the laws of
man=s existence and nature that any sane, healthy and
robust person by physical injuries may be made a cripple for life . . . without
mental pain resulting from the changed condition@); Country
Roads, Inc. v. Witt, 737 S.W.2d 362, 365 (Tex. App.CHouston [14th Dist.] 1987, no writ) (stating Texas law
is well-established that mental anguish may be presumed where it is the natural
consequence of the injury, such as when a youth is badly beaten and forcibly
ejected from a public club); Malone & Hyde, Inc. v. Hobrecht, 685
S.W.2d 739, 744B45 (Tex. App.CSan
Antonio 1985, writ dism=d by agr.) (stating consciousness of approaching death
is one element, not the sole element, in evaluating mental suffering and the
jury was authorized under the facts to draw a reasonable inference of mental
anguish experienced in the last thirty days of decedent=s life); Allen v. Roark, 625 S.W.2d 411, 416B17  (Tex. App.CFort Worth 
1981), aff=d in part, rev=d
in part on other grounds, 633
S.W.2d 804 (Tex. 1982) (stating Aexistence
of physical pain and suffering may be presumed in cases where it is a natural
consequence of an injury, such as a fractured skull@); Qualls v. Miller, 414 S.W.2d 746, 748 (Tex.
App.CTexarkana 1967, writ dism=d) (stating existence of physical pain and suffering
may be presumed when it is a natural consequence of an injury, such as
whiplash); English v. Hegi, 337 S.W.2d 860, 863 (Tex. App.CAmarillo 1960, no writ) (stating physical pain and
suffering may be presumed when it is the natural consequence of an injury such
as a fractured skull received from a motorcycle accident); Austin Road Co.
v. Thompson, 275 S.W.2d 521, 526 (Tex. Civ. App.  (Tex. App.CFort
Worth  1955, writ ref=d n.r.e.) (stating it is proper to imply husband and
wife involved in accident suffered physical pain and mental anguish when
testimony showed nature of collision, injuries sustained, time spent in the
hospital, numerous treatments received from various doctors, amount of
sedatives and other medicines used, and the nature of the injuries sustained).





[3]  See cases
cited supra, note 2.  See also
Verinakis v. Med. Profiles, Inc., 987 S.W.2d 90, 95 (Tex. App.CHouston [14th Dist.] 1998, pet. denied) (explaining
Texas authorizes mental anguish damages in virtually all personal injury cases
where the defendant=s conduct causes serious bodily injury); Durham
Transp., Inc. v. Valero, 897 S.W.2d 404, 417 (Tex. App.CCorpus Christi 1995, writ denied) (stating jury may
infer pain and mental anguish from the fact of physical injury without specific
testimony thereto when child was hit by a car, suffered a fractured skull, and
was hospitalized for four days); Pentes Design, Inc. v. Perez, 840
S.W.2d 75, 80 (Tex. App.CCorpus Christi 1992, writ denied) (stating some
evidence supports claim of child=s mental
anguish when mother testified child suffered mental anguish and inability to
sleep after losing two permanent front teeth); Mo. Pac. R.R. Co. v. Schreck,
774 S.W.2d 687, 690 (Tex. App.CTexarkana 1989, no writ) (holding factfinder may infer
mental anguish when painful, serious injuries have occurred); Tex. &
N.O.R. Co. v. Cade, 351 S.W.2d 663, 664 (Tex. App.CWaco 1961, writ ref=d
n.r.e.) (stating the law infers mental suffering results from severe injuries);
Verhalen v. Nash, 330 S.W.2d 676, 681 (Tex. App.CTexarkana 1959, writ ref=d
n.r.e.) (holding evidence raised issue of physical pain and mental anguish when
child hit by car spent several weeks in hospital, endured painful treatments,
needed crutches, limped even though he tried not to, had painful headaches, and
did not function like he used to).





[4]  We are not
alone in applying this test to personal injury cases.  See, e.g., Sunbridge Healthcare Corp. v.
Penny, 160 S.W.3d 230, 251 (Tex. App.CTexarkana
2005, no pet.); Rice Food Mkts., Inc. v. Williams, 47 S.W.3d 734, 738B39 (Tex. App.CHouston
[1st Dist.] 2001, pet. denied); Page v. Fulton, 30 S.W.3d 61, 64 (Tex.
App.CBeaumont 2000, no pet.); White v. Browning, No.
03‑04‑00273‑CV, 2006 WL 151980, at *6 (Tex. App.CAustin 2006, pet. filed) (not designated for
publication).

We recognize that our opinion facially
conflicts with Kingham Messenger & Delivery Serv.., Inc. v. Daniels,
435 S.W.2d 270, 273 (Tex. Civ. App.CHouston
[14th Dist.] 1968, no writ) where we made the naked assertion, AMental suffering will be implied from illness, or
injuries, accompanied by physical pain, and it may arise from a sense of
discomfort or inconvenience.@  We deem that
statement to be obiter dictum.  Further,
our holding in Kingham is factually distinguishable from the case
presented here.  In Kingham,
appellee experienced pain for two-and-a-half years.  This unrelenting pain was sufficient to show
some degree of mental suffering despite the court=s
inability to determine the seriousness of the injuries.  Id. 
We agree that mental anguish may be implied in some instances from
injuries or illness accompanied by physical pain proximately caused by a
defendant.  See Wal‑Mart
Stores, Inc. v. Hoke, No. 14‑99‑00503‑CV, 2001 WL 931658,
at *12 (Tex. App.CHouston [14th Dist.] 2001, no pet.) (not designated
for publication).  However, we do not
agree that mental anguish damages will be implied on the showing of any
physical injury.





[5]  While
acknowledging the appellee suffered from back, neck and knee pain, the Jackson
court did not address whether mental anguish may be inferred from any
physical injury.  Id. at 903.





[6]  Saenz
also requires some evidence the amount found is fair and reasonable compensation.  Saenz, 925 S.W.2d at 614.  We have no way to dissect the broad-form jury
award to determine what amount, if any, was applied each element, i.e., past
physical pain and mental anguish, past reasonable and necessary medical
expenses, and past physical impairment. 
Medrano received a $25,000 total jury award, and Lozano received
$9,300.  Exhibits at trial showed Medrano
incurred over $10,000 in medical expenses, and Lozano incurred approximately
$3,000 in medical expenses.  Appellant
does not challenge the pain or medical expenses damage elements, and he does
not allege the evidence as a whole is legally insufficient to support the
entire verdict under Thomas v. Oldham. 
895 S.W.2d 352, 360 (Tex 1995). 
Even so, we find per Saenz that some evidence shows the jury
awarded fair and reasonable compensation to both appellees.





[7]  We assume only
for the sake of argument that his notations are opinions.