Memorandum Opinion of July 13, 2006 Withdrawn; Affirmed and Corrected
Memorandum Opinion filed August 22, 2006








Memorandum Opinion of July 13, 2006 Withdrawn;
Affirmed and Corrected
Memorandum Opinion filed August 22, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01152-CV

_______________

 

MIKE BHAKTA AND GREENWAY PLAZA HOSPITALITY, INC.,
Appellants

 

V.

 

2B2E, INC., D/B/A HUGHES LUMBER‑PLUS, Appellee

                                                                                                                                               


On Appeal from the County Civil Court
at Law No. 3

Harris County, Texas

Trial Court Cause No. 767,987

                                                                                                                                               


 

C O R R E C T E D  M EM O R A N D U M  O P I N I O N

We
withdraw our memorandum opinion of July 13, 2006 and issue this corrected
memorandum opinion in its place. 








Appellants,
Greenway Plaza Hospitality, Inc. and Mike Bhakta, appeal from a judgment in
favor of appellee, 2B2E, Inc., d/b/a Hughes Lumber-Plus, in its suit to recover
on an account.  In one issue, appellants contend the trial court erred by
admitting a delivery ticket supporting a disputed invoice relative to the
account.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I.  Background

Appellants
own a hotel in Houston.[1]  In 2000,
they renovated the hotel and purchased materials from appellee, a building
supply company.  To facilitate the purchases, appellants opened a charge
account with appellee.  Without dispute, appellants paid the invoices for the
majority of materials that they ordered from appellee.  However, appellants
disputed and refused to pay some invoices.  Pertinent to this appeal,
appellants dispute a $3,611.91 invoice for thirty-two windows, claiming they
were never delivered.

Appellee
sued appellants seeking to recover  $7,672.17 allegedly due on the account. At
trial, Ralph Hughes, appellee=s representative, explained the process by which appellee
filled appellants= orders and invoiced appellants.  For the vast majority of
appellants= orders, appellee placed the order with the manufacturer, who delivered
the materials directly to the job site.  The driver took two documents when
delivering the materials: a packing slip, which was an itemized list of
materials delivered; and a freight bill, on which the driver noted any damaged
materials or shortages.  The driver and the person at the job site who received
the materials typically signed both documents.  Appellee then received an
invoice from the manufacturer usually accompanied by the packing slip and
freight bill.  After reviewing the packing slip and freight bill to be
satisfied the ordered materials were delivered, appellee paid the manufacturer
and invoiced appellants.








Although
Hughes had no personal knowledge whether the thirty-two windows at issue were
delivered, he testified they were delivered because he received a packing slip
and freight bill showing delivery.  Over appellants= objection, the packing slip and
freight bill (collectively Athe delivery ticket@)[2]
were admitted into evidence.  In contrast, Bhakta testified that the windows were
never delivered.

A jury
found in favor of appellee at least with respect to some of the outstanding
amounts and awarded $5,940.94 in damages.  Pursuant to the jury=s verdict, the trial court entered
judgment for this amount plus attorneys= fees and interest.

II.  Discussion

In their
sole issue, appellants contend the trial court erred by admitting the delivery
ticket showing delivery of the thirty-two windows at issue because it was
hearsay.  They further contend that admission of the delivery ticket was
reversible error because there would have been no evidence or insufficient
evidence to support the jury=s verdict if the delivery ticket had been excluded.[3]








The
decision whether to admit evidence rests within the trial court=s sound discretion, and we review its
decision under an abuse of discretion standard.  Nat=l Liab. and Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527B28 (Tex. 2000);  Owens‑Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  Moreover, we
will not reverse the trial court=s judgment unless an erroneous
evidentiary ruling probably caused the rendition of an improper judgment.  Tex. R. App. P. 44.1(a); Nissan Motor
Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004);  Santos v. Comm=n for Lawyer Discipline, 140 S.W.3d 397, 401 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 
We review the entire record and require the complaining party to demonstrate
that the judgment turns on the particular evidence admitted.  Armstrong,
145 S.W.3d at 144.  Erroneous admission of evidence is harmless if it is merely
cumulative.  Id.; see Santos, 140 S.W.3d at 401B02.

Appellants
contend that the delivery ticket was hearsay and not admissible under any
exception to the rule against hearsay.  See Tex. R. Evid. 802, 803.  Appellee offered the delivery ticket
during its redirect examination of Hughes and attempted to lay the predicate
for admission as appellee=s business record.  See Tex. R. Evid. 803(6).  Appellants objected that the delivery
ticket was not appellee=s business record because it was prepared by the
manufacturer, and Hughes had no personal knowledge regarding its preparation. 
The trial court overruled appellants= objection and admitted the delivery
ticket.[4]

We will
assume, without deciding, that the trial court erred by admitting the delivery
ticket because any error was harmless.  See Santos, 140 S.W.3d at
401 (applying harm analysis after assuming without deciding trial court erred
in excluding evidence).  By the time the delivery ticket was admitted, the jury
had already heard testimony demonstrating that a delivery ticket showed
delivery of the windows.  In particular, during appellants= earlier cross-examination of Hughes,
the following exchange occurred:

Q.        And your testimony in regard to the amount that is due is
based upon the fact that each and every item that=s stated in these invoices was delivered in good condition, is that
correct?                         

A.        Yes.  According to the package slip and credit bill.








[APPELLANTS= COUNSEL]:  Your Honor, I object.  He=s testifying as to any other documents that are not in
evidence that would be hearsay.

THE COURT: Just listen to the question and answer it
directly.  If they wish to follow up their explanations they will follow with
another question.

Appellants
did not obtain a ruling on their objection.  Alternatively, if the trial court=s response could be characterized as
implicitly sustaining the objection, appellants did not request and obtain an
instruction that the jury disregard Hughes=s statement.  See Patir v.
MFC Int=l Corp., 60 S.W.3d 355, 357 (Tex. App.CHouston [1st Dist.] 2001, no pet.) 
(recognizing that once trial court sustains objection to testimony jury already
heard,  objecting party bears burden to ask the trial court to instruct the
jury to disregard the testimony).  Accordingly, despite appellants= objection, the jury could have
considered Hughes=s statement as evidence that a delivery ticket verified
delivery of the windows.

Subsequently,
on appellee=s redirect examination of Hughes, but before the delivery ticket was
admitted, appellee=s counsel asked the following questions:

Q.        Did you ever -- did you receive a packing slip for these
disputed items that Mr. Bhakta=s now claiming
he didn=t get?

A.        Yes

Q.        Was there any notation on any of those packing slips that he
didn=t receive those items?

A.        No.

Appellants did not object
to this testimony at all, much less on the ground that it was based on a
document that was purportedly hearsay.








In sum,
before the delivery ticket was admitted, the jury twice heard testimony that Hughes
received delivery tickets for all items that were the subject of the disputed
invoices.  Therefore, the jury could have rationally concluded that a delivery
ticket verified delivery of the thirty-two windows at issue without the
delivery ticket actually being admitted into evidence.  Although the delivery
was controverted by appellants, the jury, as trier of fact, heard some
testimony upon which to base a finding that the windows were delivered
notwithstanding any alleged error in admitting the delivery ticket. 
Consequently, we cannot conclude that any error in admitting the delivery
ticket probably caused the rendition of an improper judgment, and we overrule
appellants= sole issue.

The
judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Corrected
Memorandum Opinion filed August 22, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

 

 









[1]  Appellant, Greenway Plaza Hospitality, Inc., owns
the hotel, and appellant, Mike Bhakta, is an officer of Greenway Plaza
Hospitality, Inc. who guaranteed payment of the account at issue.  We will
refer to them collectively as Aappellants@ except where necessary to refer to them separately.





[2]  In their briefs, the parties refer to the packing slip
and freight bill collectively as the Adelivery
ticket,@ so for consistency, we will do the same.





[3]  Although appellants state in their sole issue that
there was no evidence or insufficient evidence to support the jury=s verdict, they do not challenge the sufficiency of
the evidence in general.  Instead, their sufficiency-of-the-evidence argument
is part of their complaint that admission of the delivery ticket was reversible
error because they contend there would be no evidence or insufficient evidence
to show the windows at issue were delivered if the delivery ticket had been
excluded.  We also note that the invoice for these windows is $3,611.91, but
the jury awarded appellee $5,940.94; thus, the disputed invoice did not
constitute the entire damages award.  Therefore, appellants have not shown how
any reversible error in admitting the delivery ticket would vitiate the entire
award.  Nonetheless, because we ultimately conclude that admission of the
delivery ticket was not reversible error, we need not consider what affect any
reversible error would have had on the entire award.





[4]  Appellee initially offered all the disputed invoices
and accompanying delivery tickets during Hughes=s direct examination.  Appellants objected to admission of the delivery
tickets as hearsay.  The trial court sustained the objection and admitted the
invoices only.  However, appellee later offered, and the trial court admitted,
the delivery tickets, including the one at issue, during Hughes=s redirect examination.