

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00865-CV

**IN RE THE COMMITMENT OF** Mike Alvarez **CRUZ**

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI23282
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 18, 2021

AFFIRMED

This is an appeal from a civil commitment judgment declaring Mike Alvarez Cruz a sexually violent predator (SVP) under Chapter 841 of the Texas Health & Safety Code. Cruz's sole issue on appeal is that the trial court erred by admitting the testimony of an expert witness after the State of Texas did not timely disclose updates in the expert's conclusions. We hold Cruz waived this issue and affirm the trial court's judgment.

### BACKGROUND

In 2017, the State filed suit to civilly commit Cruz under the SVP statute. In its original petition, the State alleged Cruz was convicted of sexual assault in 2004 and of aggravated sexual assault in 2010; was expected to discharge his sentence in September of 2019; and suffered from a behavioral abnormality that made him likely to engage in further predatory acts of sexual

violence. Cruz filed an answer generally denying the State's allegations and alleging affirmative defenses.

Before trial, Cruz filed a motion to strike the State's fifth supplemental disclosures. In the motion, Cruz stated the State had served supplemental disclosures regarding its expert witness, Dr. Jason Dunham, three days before trial. After voir dire, Cruz argued his motion to the trial court. The State responded that it had supplemented its disclosures as soon as it became aware of the updates in Dr. Dunham's testimony. The State also explained Dr. Dunham informed Cruz during depositions that Dr. Dunham's opinions were likely to be updated. The trial court offered Cruz a continuance, but Cruz declined. The trial court then overruled Cruz's motion to strike.

The case proceeded to a jury trial to determine whether Cruz was an SVP due to: (1) being a repeat violent offender; and (2) suffering from "a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *See* TEX. HEALTH & SAFETY CODE § 841.003(a). Based on penitentiary packets admitted into evidence, the trial court instructed the jury that Cruz was a repeat violent offender as a matter of law. Having considered evidence on the behavioral abnormality element, the jury found beyond a reasonable doubt that Cruz is an SVP. Cruz filed a motion for new trial, which was overruled by operation of law, and he filed a timely notice of appeal.

### UNTIMELY DISCLOSURES

Cruz argues the trial court erred by denying his motion to strike and allowing Dr. Dunham to testify at trial. Cruz relies primarily on Texas Rule of Civil Procedure 193.6. Rule 193.6 provides evidence is generally inadmissible if not timely disclosed:

> A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

 (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

 (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

TEX. R. CIV. P. 193.6(a). "The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness." *Id.* R. 193.6(b). "Even if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response." *Id.* R. 193.6(c).

When a trial court offers the remedy of a continuance, as provided in Rule 193.6(c), and the complaining party refuses to continue the trial, "several of our sister courts of appeals have found a waiver of any complaint under Rule 193.6." *Orbison v. Ma-Tex Rope Co.*, 553 S.W.3d 17, 39 (Tex. App.—Texarkana 2018, pet. denied) (citing authorities). In the hearing on Cruz's motion to strike, Cruz asserted the supplement should be stricken because it was too late for him to depose Dr. Dunham again. The trial court then asked Cruz whether he needed a continuance and additional time to prepare, and Cruz declined:

 THE COURT: Do you need a continuance? Do you need more time to prepare?

 [COUNSEL FOR CRUZ]: I'm not asking for a continuance.

 THE COURT: Okay. So the answer is "no"?

 [COUNSEL FOR CRUZ]: No.

 THE COURT: Okay. I'll give you a ruling on that tomorrow.

The following day, before opening statements, the trial court denied Cruz's motion, stating, "I asked [Cruz's] counsel whether they wanted additional time or a continuance and they indicated

they're not requesting additional time, so I'm going to deny [Cruz's] Motion to Strike . . . at this time."

Consistent with our sister courts, we hold that, by refusing the offered continuance, Cruz waived any complaint regarding the admission of late-disclosed evidence. *See id.* at 40. Cruz quotes *Alvarado v. Farah Mfg. Co., Inc.*, in which the supreme court described Rule 193.6 as follows, "The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause." 830 S.W.2d 911, 914 (Tex. 1992). Cruz also cites courts of appeals cases citing *Alvarado*. However, none of the cases cited by Cruz, including *Alvarado*, involved a trial court offering a continuance, and the objecting party declining the continuance and insisting upon going to trial. Furthermore, after *Alvarado*, Rule 193.6 was "amended to expressly allow the trial court to fashion a remedy to correct any prejudice to the opposing parties caused by a party's late, or lack of, supplementation by continuing or postponing the trial." *See Orbison*, 553 S.W.3d at 39. Thus, our sister courts have held that if a party objecting under Rule 193.6 "decline[s] the offer to continue the proceedings, insisting on going forward," then the party "can hardly be heard to argue that he was unfairly prejudiced." *E.g.*, *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 404 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Because Cruz declined the trial court's offer to continue the trial, Cruz can hardly be heard to argue that he was unfairly prejudiced. *See id.*

## CONCLUSION

Because Cruz waived the sole complaint he raises on appeal, we overrule the issue and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice