Rodney JACKSON, Appellant,

v.

Juana GUTIERREZ, Appellee.

No. 14–01–00761–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 2, 2002.

Jason Andrews Powers, Houston, for appellant.

Robert A. Rodriguez, Houston, for appellee.

Panel consists of Justices HUDSON, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

This is a restricted appeal from a no-answer default judgment in a personal injury suit arising out of a car accident. In a single issue, appellant contends error appears on the face of the record. Appellee cross-appeals, arguing appellant's issue is frivolous and seeking attorney's fees. We sustain appellant's issue, reverse the judgment below in part, and remand for a new trial as to all damages except lost wages. We overrule appellee's cross-point.

## Background

█ Appellee and appellant were involved in a car accident on November 30, 2000. Appellee filed suit on February 14, 2001, and served appellant exactly one month later. On the morning of May 2, 2002, appellee obtained a default judgment. Unaware of the judgment, appellant filed an answer that same afternoon.[1] During the next three months, appellant sent discovery to appellee and filed a jury demand. Appellee did not advise appellant of the default until three months after the date of judgment. Thus, appellant was unable to timely file a motion for a new trial.

1. The parties agree the default judgment was final before appellant's answer was filed. An answer is late if filed *after* a default judgment is taken even if the answer is filed on same day of the judgment. *Thomas v. Gelber Group, Inc.*, 905 S.W.2d 786, 789 n. 3 (Tex. App.-Houston [14th Dist.] 1995, no writ).

2. Appellant also identifies the clerk's alleged failure to send notice of the default judgment as error appearing on the face of the record.

## Issue

█ Appellant's failure to answer represents an admission of all facts properly set forth in the plaintiff's petition. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex.1984). Both parties agree appellant's failure to answer renders him unable to attack the liability finding below. However, appellant seeks and is entitled to a new trial on the issue of damages if he can show: (1) his appeal is brought within six months of the signing of the trial judgment; (2) he was a party to the suit; (3) he did not participate in the actual trial; and (4) the error complained of appears on the face of the record. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). Both parties agree the first three elements are met.

█ Appellant first contends the fourth element is met because the record contains no evidence of a causal nexus between the event sued upon and appellee's injuries. Second, appellant argues the evidence of appellee's medical expenses, mental anguish, pain and suffering, and deductible expense for automobile damage is legally insufficient. *See Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 498 (Tex. App.-Amarillo 2000, no pet.) (sufficiency of evidence as to amount of unliquidated damages awarded in no-answer default judgment may be challenged by restricted appeal).[2] Third, appellant argues the evidence of lost wages is factually insufficient. We review each contested element of appellee's alleged damages separately.

It is not clear from the clerk's record whether notice was actually sent. However, we hold that the failure to send notice of default pursuant to Texas Rule of Civil Procedure 239a is not error on the face of the record. *See Campbell v. Fincher*, 72 S.W.3d 723, 724–25 (Tex.App.-Waco 2002, no pet. h.) (holding bill of review, not restricted appeal, is proper remedy).

## Discussion

### I. Standards and Scope of Review

 In reviewing a legal insufficiency claim, we consider only the evidence and inferences which tend to support the judgment and disregard all evidence and inferences to the contrary. *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998). If there is more than a scintilla of evidence to support the findings, the no-evidence challenge cannot be sustained. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). Evidence is thus legally sufficient when it rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 922 (Tex.1998). In reviewing appellant's factual sufficiency challenges, we examine all the evidence. *Castanon v. Monsevais,* 703 S.W.2d 295, 297 (Tex.App.-San Antonio 1985, no writ). We reverse only if the finding is against the great weight and preponderance of the evidence. *Id.* In a restricted appeal, the scope of review is limited to the "face of the record," which consists of all the papers on file in the appeal, including the statement of facts. *Norman Communications,* 955 S.W.2d at 270.

### II. Causal Nexus

 Even if a defendant's liability has been established, proof of a causal nexus between the event sued upon and the damages claimed is required. *Morgan,* 675 S.W.2d at 731–32. The legal and factual sufficiency of the evidence to show this causal nexus is analyzed using the same test applicable to any challenge to the legal and factual sufficiency of the evidence. *See Holt Atherton Indus. v. Heine,* 835 S.W.2d at 80, 84 (Tex.1992). Appellant contends, without citing any authority, there can be no proof of causal nexus without evidence of appellee's good health prior to the accident. We disagree. On direct examination at the default judgment hearing, appellee testified she went to the hospital, met with two doctors, received medication, paid her car insurance deductible, lost wages, and had pain and mental anguish, all "as a result of the accident." We hold this testimony satisfies the causal nexus requirement under *Morgan.*

### III. Proof of Damages

#### A. Medical Expenses

 Documentary evidence admitted in the default proceeding includes bills for approximately $4,250 in medical expenses. Appellant correctly notes that a claim for medical expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result of her injuries. *See Rodriguez–Narrea v. Ridinger,* 19 S.W.3d 531, 532 (Tex.App.-Fort Worth 2000, no pet.) (citing *Six Flags Over Tex., Inc. v. Parker,* 759 S.W.2d 758, 760 (Tex.App.-Fort Worth 1988, no writ)). Proof of amounts charged or paid is not proof of reasonableness. *Id.* In addition, evidence that medical expenses are reasonable and customary is no evidence those medical expenses were reasonably necessary. *Rivas v. Garibay,* 974 S.W.2d 93, 96 (Tex. App.-San Antonio 1998, pet. denied).

A plaintiff may prove medical expenses are reasonable and necessary either by presenting expert testimony, or by submitting affidavits in compliance with section 18.001 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (Vernon 1997); *Rodriguez–Narrea,* 19 S.W.3d at 532. The parties agree appellee did neither of these. In rebuttal, appellee argues, without authority other than a general reference to section 18.001 itself, that the legislature

did not intend that section to apply to default proceedings. Appellee also argues we should presume the trial judge found all facts necessary to sustain the judgment because no findings of fact were filed.

■■ We reject both of appellee's arguments. In the absence of compliance with section 18.001, appellee would have been required to put on expert testimony of reasonableness and necessity. *See id.* (discussing section 18.001 as exception to expert testimony requirement). In this case, appellant neither complied with section 18.001 nor proved the expenses through expert testimony, and hence, there was no evidence of the necessity or reasonableness of the medical expenses. The fact that the testimony was adduced in a default judgment hearing does not relieve appellee of her burden to prove the reasonableness and necessity of her medical expenses.

■■ Appellee's suggestion that the lack of findings of fact permits us to infer appellee's expenses were reasonable and necessary is without merit because such an inference would bar review for legal sufficiency altogether. *See also Transport Concepts v. Reeves,* 748 S.W.2d 302, 305 (Tex.App.-Dallas 1988, no writ) (holding no evidence supported medical expenses even though no findings of fact filed). Because there is no evidence appellee's medical expenses were reasonable and necessary, we reverse the award of damages for medical expenses.

### B. Mental Anguish and Pain and Suffering

Approximately $14,000 of the $20,200 awarded to appellee is compensation for mental anguish and pain and suffering.

Appellant contends the evidence supporting this award is legally insufficient. The only evidence in the record of appellee's mental anguish and pain and suffering consists of the following three questions and answers:

Q: As a result of this accident you had pain in your neck and your back and your knee, is that correct?

A: Yes.

Q: And it was hard for you to walk and get around, is that correct?

A: Yes.

Q: And you also had some mental anguish?

A: Yes.

■■ In order to recover for mental anguish, a party must offer either "direct evidence of the nature, duration, or severity of a plaintiff's anguish, thus establishing a "substantial disruption in the plaintiffs' daily routine," or other evidence of a "high degree of mental pain and distress" that is "more than mere worry, anxiety, vexation, embarrassment, or anger." *See Saenz v. Fidelity & Guar. Ins. Underwriters,* 925 S.W.2d 607, 614 (Tex.1996) (citing *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995)).[3] Appellee's conclusory response to the last question above provides no evidence, direct or indirect, of the nature, severity, duration, or degree of mental pain and distress suffered. The portion of the judgment awarding appellee damages for mental anguish is reversed.

■■ The record does not provide any means of distinguishing the amount awarded for mental anguish from that awarded for pain and suffering. Therefore, even if *an* award for pain and suffering was supported by the evidence, the precise amount

---

**3.** *Popkowsi v. Gramza,* 671 S.W.2d 915, 919 (Tex.App.-Houston [1st Dist.] 1984, no writ), relied upon by appellee, predates *Saenz.* To the extent *Popkowsi* may be read to conflict with *Saenz,* it has been overruled.

of damages could not be determined. We therefore must also reverse the pain and suffering award. *See* TEX.R.APP. P. 44.1(b) (reversal as to all matters in controversy required if non-reversible and reversible cannot be fairly separated). *See also Holt Atherton Indus.*, 835 S.W.2d at 86 (Tex. 1992) (reverse and remand as to all unliquidated damages appropriate upon review of default proceeding even though not all of appellant's no-evidence challenges sustained); *Sharm, Inc. v. Martinez*, 900 S.W.2d 777, 784, 786 n. 9. (Tex.App.-Corpus Christi 1995, no writ). *But see K-Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243, 247 (Tex.App.-Houston [1st Dist.] 1985, writ ref. n.r.e.) (trial court in default hearing presumed to have not awarded damages for those claims unsupported by evidence).

## C. Automobile Insurance Deductible

Appellant argues there is no evidence to support the award of damages for repairs to appellee's car.[4] We agree. We find no evidence in the record that appellee's expense for car repairs was either reasonable or necessary. Because a party is entitled to recover only reasonable and necessary expenses, the award of $250 for appellee's insurance deductible is unsupported by the record and is reversed. *See Castanon*, 703 S.W.2d at 298 (reversing award for auto damages where no evidence cost of repairs was reasonable).

## D. Lost Wages

Last, appellant contends, without citation to any authority, that the evidence of appellee's lost wages is factually insufficient. We disagree. Appellee testified she missed 30 days of work "as a result" of the accident. Appellee quantified the amount of wages she would have received during those days she did not work. We affirm the trial court's judgment as to appellant's lost wages. *See Transport Concepts*, 748 S.W.2d at 305 (affirming award of lost wages upon review of similar evidence).

## Conclusion

The liability portion of the trial court's default judgment is affirmed. We reverse the trial court's damage awards for medical expenses, mental anguish, pain and suffering, and automobile repair and remand these damage issues for a new trial. *See Holt Atherton Indus.*, 835 S.W.2d at 83. We affirm the award of $1,480 for lost wages. Because this appeal is not frivolous, we overrule appellee's cross-appeal for attorney's fees. *See Angelou v. African Overseas Union*, 33 S.W.3d 269, 282 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (holding sanctions appropriate only where circumstances truly egregious).

---

4. Because appellee's insurance paid for the repairs, the parties' dispute actually concerns only the $250 deductible appellee paid as a result of the accident.