**Affirmed in Part, and Reversed and Remanded in Part, and Memorandum Opinion filed August 29, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00441-CV

---

## MOHAMMEDMEDHI HADIZAMANI, INDIVIDAULLY AND D/B/A 1ST STOP AUTO, Appellant

### V.

## BERNICE ROLLINS, Appellee

---

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 22-CV-1378**

---

## MEMORANDUM OPINION

Mohammedmedhi Hadizamani, individually and doing business as 1st Stop Auto, appeals the trial court's default judgment rendered against him. In three issues he argues that (1) the trial court erred in denying his motion for new trial after a default judgment was rendered against him; (2) there is no evidence to support the award of damages; and (3) the trial court erred in awarding a double recovery. We affirm in part and reverse and remand in part.

In his first issue, Hadizamani argues because he satisfied all three elements entitling him to a new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939) the trial court abused its discretion in denying his motion for new trial. Rollins argues that the evidence shows Hadizamani was consciously indifferent to the proceedings.

## A.    General Legal Principles

To set aside a default judgment by motion for new trial the movant must (1) establish that the failure to answer was not intentional or the result of conscious indifference; (2) set up a meritorious defense; and (3) demonstrate that setting aside the default will not cause a delay or otherwise injure the party that obtained the default judgment. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 390 (Tex. 1993); *Craddock*, 133 S.W.2d at 124. We review the trial court's decision for an abuse of discretion. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021). "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). "When a motion for new trial presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence if the facts alleged by the movant would entitle him to a new trial." *In re Marriage of Sandoval*, 619 S.W.3d at 721.

Under the first element, "some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (citation omitted). "Where factual allegations in a movant's affidavit are not controverted . . . [i]t is sufficient that the movant's motion and affidavits set forth

2

facts which, if true, would negate intentional or consciously indifferent conduct." *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984).

"If a plaintiff contests the mistake/conscious indifference element, however, an evidentiary hearing with live witnesses is ordinarily required." *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] no pet.). "A motion for new trial to set aside a default judgment is a complaint on which evidence must be heard." *Id.* (citing Tex. R. Civ. P. 324(b)(1)). When a defendant fails to request a hearing on the contested issue of conscious indifference and allows the motion to be overruled by operation of law, we cannot say the trial court abused its discretion. *Id.* "[W]hen a motion for new trial requires the exercise of discretion, the judge must have an opportunity to exercise his discretion before that discretion can be abused." *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 358 (Tex. App.—Dallas 1985, no writ). "[W]here . . . the record fails to show any attempt to obtain a timely hearing, no abuse of discretion is shown." *Id.*

## B.    Background

Appellee, Bernice Rollins, was hit by a car driven by Rhonda Cotton's underage daughter. Rollins filed suit against Cotton for negligence and Hadizamani alleging he negligently entrusted the car to Cotton, resulting in Rollins's injuries. Rollins served Hadizamani with citation. Hadizamani never filed an answer or made any appearance in the suit until after the default judgment was rendered. Hadizamani appeared at a hearing on damages and, later, filed a motion for new trial.

In his motion for new trial, Hadizamani asserted that he timely prepared an answer and gave it to his secretary to proof-read and file with the trial court. He alleged that the secretary did not realize that she had to file the answer with the

3

trial court and just proof-read the answer instead. The motion for new trial was supported by Hadizamani's affidavit.

Rollins filed a response to the motion for new trial, attaching evidence of the letters she sent to Hadizamani informing him about the proceedings. The letters were sent to Hadizamani at the same address at which he was served with the citation. One such letter included as an attachment the Motion for Default Judgment that clearly stated Hadizamani had not filed an answer in the case and requested that a judgment be rendered against him.

The motion for new trial was submitted to the trial court without an evidentiary hearing. The trial court overruled the motion.

## C.    Analysis

Hadizamani set his motion for new trial for submission without an evidentiary hearing. Rollins filed her reply with evidence contesting the issue of conscious indifference, arguing that she had sent Hadizamani six letters after filing the lawsuit with notices to Hadizamani, including the motion for default judgment and proposed default judgment. The default motion sent to Hadizamani indicated that Hadizamani had not filed an answer and requested judgment against Hadizamani for damages. In his brief, Hadizamani indicates it is "unknown" whether any such correspondence was ever seen by him. The evidence shows each letter was sent to the same address where Hadizamani was served in-person with the citation.

Hadizamani argues that Rollins's evidence does not contest his evidence of his mistaken belief about having filed an answer. However, Rollins presented evidence that she sent Hadizamani multiple notices that should have alerted Hadizamani to the fact that he had not filed an answer and that he was in jeopardy

4

of having a default judgment rendered against him. This is enough to contest the issue of conscious indifference and trigger an evidentiary hearing to determine this issue. *See Puri*, 973 S.W.2d at 715; *Shamrock Roofing Supply, Inc.*, 703 S.W.2d at 358.

Hadizamani cites to *Dallas Hearing Co., Inc. v. Pardee*, 561 S.W.2d 16 (Tex. App.—Dallas 1977, writ ref'd n.r.e.) as analogous with respect to the conscious indifference element of the *Craddock* test. However, in *Pardee* the plaintiff did not attempt to controvert the defendant's allegations of conscious indifference. *See id*. at 19. Thus, *Pardee* is distinguishable. *See id*.

Because Rollins contested the evidence of conscious indifference and Hadizamani failed to request an evidentiary hearing, we cannot conclude the trial court abused its discretion in denying the motion for new trial. *See Puri*, 973 S.W.2d at 715; *Shamrock Roofing Supply, Inc.*, 703 S.W.2d at 358; *see also Kinara v. Ongera*, No. 02-22-00068-CV, 2022 WL 17037421 (Tex. App.—Fort Worth Nov. 17, 2022, no pet.) (mem. op.) (plaintiff contested first *Craddock* element through emails to defendant alerting defendant of the trial setting despite defendant's attestation that he relied on a prior email with a different trial setting; no abuse of discretion in denying motion for new trial because defendant failed to request a hearing on the motion); *Sharpe v. Kilcoyne*, 962 S.W.2d 697, 701 (Tex. App.—Fort Worth 1998, no pet.) (concluding defendant was consciously indifferent when defendant did nothing "despite being bombarded with multiple mailings by [the plaintiff's attorney] and the court").

We overrule Hadizamani's first issue.

5

In his second issue, Hadizamani argues the evidence is legally insufficient to support an award of mental anguish damages. Rollins contends that the evidence is sufficient to support the award of $2,000,000 when all of the evidence is considered together in the light most favorable to the award.

## A. General Legal Principles

In reviewing a legal sufficiency claim, we consider only the evidence and inferences which tend to support the judgment and disregard all evidence and inferences to the contrary. *Jackson v. Gutierrez*, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002, no pet.). If there is more than a scintilla to support the findings, the no-evidence challenge fails. *Id*. Evidence is legally sufficient when it rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id*.

"In order to recover for mental anguish, a party must offer either 'direct evidence of the nature, duration, or severity['] of a plaintiff's anguish, thus establishing a 'substantial disruption in the plaintiffs' daily routine,' or other evidence of a 'high degree of mental pain and distress' that is 'more than mere worry, anxiety, vexation, embarrassment, or anger." *Jackson*, 77 S.W.3d at 903 (quoting *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996)). The factfinder must have sufficient evidence to determine that mental anguish exists and sufficient evidence to justify the amount awarded. *Saenz*, 925 S.W.2d at 614. If there is legally insufficient evidence to support an award of mental anguish damages and the record does not provide a means to distinguish the amount awarded for mental anguish from that awarded for pain and suffering, then both must be reversed. *Jackson*, 77 S.W.3d at 903; *Whitaker v. Rose*, 218 S.W.3d 216, 224 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

## B. Background

In support of her motion for entry of judgment, Rollins submitted an affidavit attesting that she has paid or incurred expenses in the amount of $99,414.50. She further attested that "[o]n a daily basis, I have severe aches and pains that impede my ability to perform daily life activities and that cause us to suffer tremendous stress, anxiety, and worry." At the hearing, Rollins testified that she has had two hip surgeries for her pelvis and hip bone as well as a fracture along the whole side of her left leg. The medical records show that Rollins had numerous procedures performed on her while in the hospital after the accident. Rollins also submitted exhibits showing care she received after being released from the hospital.

After the hearing on Rollins's motion for entry of judgment, the trial court rendered two judgments. Both awarded Rollins $99,414.50 for past medical expenses and $1,000,000 for "past and future physical and mental anguish." One was rendered against Hadizamani and the other was rendered against Cotton.

## C. Analysis

Regarding her mental anguish, Rollins's only testimony at the hearing was that she had "severe aches and pains" daily that impede her ability to perform daily life activities and cause "tremendous stress, anxiety, and worry." Rollins did not testify or otherwise present evidence of what daily life activities were impeded or how they were impeded. Rollins did not testify or otherwise present evidence of the "tremendous stress, anxiety, and worry" she experiences as a result of the accident. Rollins did not present evidence that she has had a substantial disruption in her daily routine or a high degree of mental pain and distress. *See Jackson*, 77 S.W.3d at 903; *Saenz*, 925 S.W.2d at 614.

7

Appellee argues the medical records establish the severity of Rollins's injuries and the trial court could reasonably infer the "extreme degree of both physical and mental suffering" Rollins experienced. Even assuming the trial court could infer some amount of physical pain from the circumstances of the accident and the treatments Rollins received, this evidence does not establish mental anguish damages. *See Ibrahim v. Young*, 253 S.W.3d 790, 806–07 (Tex. App.—Eastland 2008, pet. denied) (plaintiff's testimony that she had "a claim" for mental anguish and pain and suffering for both the "time of the accident and into the future" in conjunction with her testimony about her injuries from the accident and treatments she received was legally insufficient to support award of mental anguish damages because plaintiff did not provide evidence of "nature, severity, or degree of any mental anguish injury"); *Jackson*, 77 S.W.3d at 903 (conclusory "yes" response to question of whether plaintiff had some mental anguish provided "no evidence, direct or indirect, of the nature, severity, duration, or degree of mental pain and distress suffered").

Appellee argues Rollins's medical records after her release from the hospital show that she continued to experience difficulties, pain, and impairment in her daily activities. While these records may be relevant to document Rollins' impediment, they do not show the nature, severity, duration, or degree of the mental pain and distress Rollins alleges she suffered. Further, these medical records are from September 2021, while the hearing on damages was in March 2023. Rollins requested and was awarded past and *future* mental anguish damages. This evidence does not support any such award. There was no testimony that any impediment Rollins was experiencing in September 2021 continued after that date.

We conclude Rollins did not provide legally sufficient evidence of the nature, severity, or degree of any mental anguish injury. Rollins also did not

8

provide legally sufficient evidence that her daily routine was substantially disrupted or other evidence of a "high degree of mental pain and distress."

Lastly, assuming without deciding that there was evidence of physical pain and the trial court could permissibly award some amount of damages to Rollins on that basis, because the trial court did not specify the damage elements it was awarding in the judgment and the record does not provide any means for distinguishing between the amounts awarded for physical pain and mental anguish, we cannot determine whether the trial court awarded damages based on an element as to which there was no evidence. *See Whitaker*, 218 S.W.3d at 224; *Jackson*, 77 S.W.3d at 903.

The record does not provide any means of distinguishing the amount awarded for mental anguish from that awarded for pain and suffering. Therefore, even if an award for pain and suffering was supported by the evidence, the precise amount of damages could not be determined. *See Jackson*, 77 S.W.3d at 903–04. As a result, we reverse the trial court's award for "past and future physical and mental anguish" and remand for a new trial on the issue of past and future physical pain and past and future mental anguish. *See id*. at 904; *see also Holt Atherton Indus.*, 835 S.W.2d at 86 (appropriate disposition when an appellate court sustains a no evidence point on unliquidated damages following a no-answer default judgment is a "remand for a new trial on the issue of unliquidated damages").

We sustain Hadizamani's second issue.

## "DUELING" JUDGMENTS

In his third issue, Hadizamani argues that the trial court erred by rendering two separate judgments against himself and Cotton. First, Hadizamani argues that the existence of the two judgments amounts to a double recovery. Second,

Hadizamani argues that because the two judgments were rendered nearly simultaneously and both purport to be final, we should vacate both judgments and remand to the trial court for a new trial. Hadizamani does not contend that there is no final judgment, just that the two judgments are confusing and ambiguous because both purport to be final.

## A.     One-Satisfaction Rule

The one-satisfaction rule prohibits a plaintiff from obtaining more than one recovery for the same injury. *Tony Gullo Motors, I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006). It applies to multiple defendants that commit the same acts or when multiple defendants commit technically different acts that result in a single injury. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 278, 390 (Tex. 2000) (op. on reh'g). One injury permits a plaintiff one recovery, even if that injury is based on several overlapping and varied theories of liability. *Buccaneer Homes of Ala., Inc. v. Pelis*, 43 S.W.3d 586, 590 (Tex. App.—Houston [1st Dist.] 2001, no pet.). However, the one-satisfaction rule does not bar a trial court from rendering a judgment against one party when another judgment rendered against a different party for the same injury or damages has gone unsatisfied. *Daryapayma v. Park*, No. 02-15-00159-CV, 2016 WL 6519117, *2 (Tex. App.—Fort Worth Nov. 3, 2016, no pet.).

"It is well-settled that an injured party may sue and proceed to judgment against all joint tortfeasors together, or any number less than all, or each one separately in successive suits; and that an unsatisfied judgment recovered against one of them will not operate as a bar to an action against another; provided however, the plaintiff may finally satisfy only one judgment." *Krobar Drilling, L.L.C. v. Ormiston*, 426 S.W.3d 107, 112 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see also T.L. James & Co., Inc. v. Statham*, 558 S.W.2d 865 (Tex.

10

1977) (plaintiff could not prosecute second suit against different defendant because prior judgment against joint tortfeasor for the same injury had been satisfied).

Here, the claims against Cotton and Hadizamani resulted in one injury to Rollins. Thus, Rollins is permitted to sue and proceed to judgment against Hadizamani and Cotton together or each one separately in successive suits. *See Krobar Drilling, L.L.C.*, 426 S.W.3d at 112. Further, there is no evidence that the default judgment rendered against Cotton has been paid, nor has Hadizamani made such argument. In the absence of any actual payment or satisfaction, the mere existence of the default judgment against Cotton is no bar to a separate final judgment rendered against Hadizamani. *See id.*; *Burchfield v. Prosperity Bank*, 408 S.W.3d 542, 548 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

## B.    One Final Judgment

"[D]ispositive orders need not appear in one document for a judgment to be final." *Azbill v. Dallas Cnty. Child Protective Servs. Unit of Tex. Dep't of Human & Reg. Servs.*, 860 S.W.2d 133 (Tex. App.—Dallas 1993, no writ). An interlocutory judgment does not become a final judgment until it has merged into the final judgment rendered by the trial court. *See Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex. 1972); *H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963). "[I]f a court has dismissed all of the claims in a case but one, an order determining the last claim is final." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

Rollins filed a motion for default against Hadizamani and requested relief against him separately from the relief she requested from Cotton. The trial court granted default judgment against Hadizamani and indicated it would hear evidence regarding unliquidated damages at a later date. Rollins then filed her motion for entry of judgment against Hadizamani and, presumably, a separate motion for

entry of judgment against Cotton.[1]  After the hearing on Rollins's motion for entry of judgment, the trial court rendered an order against Hadizamani awarding damages to Rollins.  The same day the trial court also rendered an order against Cotton awarding damages to Rollins.  Both judgments contained a clause indicating that "[t]he Court denies all relief not granted in this judgment.  This is a final judgment that disposes of all claims and all parties and is appealable."

Here, the order determining the last claim was the judgment rendered against Cotton, and it was signed on the same day as the order determining the last claim against Hadizamani.  *See Lehmann*, 39 S.W.3d at 200. The prior judgment rendered against Hadizamani was then merged into the final judgment.  *See Webb*, 488 S.W.2d at 408–09.  The judgment rendered against Cotton while the trial court retained plenary power, by its language and because it actually disposed of all claims remaining in the case, was the final judgment.  *See Lehmann*, 39 S.W.3d at 200.  As a result, the final judgment against Cotton had the effect of making the prior orders and judgments rendered by the trial court, including the judgment rendered against Hadizamani, final as well.  *See id*.

We overrule Hadizamani's third issue.

### CONCLUSION

Because Rollins contested the evidence of conscious indifference and Hadizamani failed to request an evidentiary hearing, we cannot conclude the trial court abused its discretion in denying Hadizamani's motion for new trial. However, because we conclude there is legally insufficient evidence of Rollins's mental anguish damages and because the record does not provide any means of

---

[1] There is no motion for entry of judgment against Cotton in the record on appeal.  The motion for entry of judgment against Hadizamani only requests judgment against Hadizamani and does not refer to relief requested against Cotton.

distinguishing the amount awarded for mental anguish from the amount, if any, awarded for pain and suffering, we reverse the trial court's award for "past and future physical and mental anguish" and remand for a new trial limited to a determination of damages for past and future physical pain and past and future mental anguish.

/s/ Ken Wise
Justice

Panel consists of Justices Wise, Spain, and Hassan.