

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00086-CV

---

Amazon.com Services, LLC, Appellant

v.

Jessica G. Holguin, Appellee

---

On Appeal from the 346th District Court
El Paso County, Texas
Trial Court No. 2024DCV0485

---

## MEMORANDUM OPINION

Appellant Amazon Services, LLC filed this restricted appeal of the default judgment entered in favor of Appellee Jessica G. Holguin. We affirm in part and reverse in part.

## I. BACKGROUND

Holguin sued Amazon, her employer, for injuries she sustained moving heavy items at work. Amazon did not file an answer or otherwise appear. Holguin filed a motion for entry of a

default judgment, and the trial court held a hearing on unliquidated damages. Holguin's testimony, the only evidence presented, spans less than seven pages of the record and consists mostly of the answer "yes" to her attorney's leading questions.[1] Both before and after the hearing, Holguin filed with the clerk notices of intent to use business records with attached business records affidavits from her medical providers.[2] The affidavits were not submitted in support of Holguin's motion for default judgment or admitted into evidence.

After the default hearing, the trial court awarded Holguin the following damages, totaling $997,749.55:

| Past medical expenses | $60,000 |
|---|---|
| Future medical expenses | $240,000 |
| Past physical pain and mental anguish | $100,000 |
| Future physical pain and mental anguish | $150,000 |
| Past loss of earning capacity | $4,650.00 |
| Future loss of earning capacity | $116,064.00 |
| Past disfigurement | $10,000 |
| Future disfigurement | $10,000 |
| Past physical impairment | $100,000 |
| Future physical impairment | $200,000 |
| Prejudgment interest | $7,035.55 |

Amazon filed this restricted appeal raising one issue: whether the evidence was legally and factually sufficient to support the amount of damages.[3] We discuss each category of damages and the evidence presented.

---

[1] The only non-yes answers that Holguin gave were her date of birth and her position at Amazon.

[2] The medical records themselves were not filed.

[3] In her response brief, Holguin asserts that there is no error because Amazon was properly served with citation. Amazon does not argue any error in service.

## II. ANALYSIS

### A. Restricted appeal

To prevail in a restricted appeal, an appellant must establish that: (1) the notice of restricted appeal was filed within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); Tex. R. App. P. 30. The face of the record, for the purposes of a restricted appeal, consists of all papers before the trial court when it rendered its default judgment. *Id.* at 848–49.

The default judgment was signed on October 1, 2024, and Amazon filed its notice of appeal on March 17, 2025, within six months of the judgment. Amazon did not participate in the final hearing and did not file any post-judgment motions or requests for findings of fact or conclusions of law. The first three elements for a restricted appeal are met. We focus our analysis on whether Amazon has established that error is apparent on the face of the record.

### B. Standard of review

When a defendant fails to answer, it admits to facts pleaded in the plaintiff's petition except for the amount of unliquidated damages, for which the trial court must take evidence. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); Tex. R. Civ. P. 243. Amazon challenges only the amount of damages and not Holguin's injury or its liability.

The sufficiency of the evidence to support damages can be reviewed in a restricted appeal which "affords an appellant the same scope of review as an ordinary appeal[.]" *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.). In a legal sufficiency review

of a finding on which the appellant did not have the burden of proof, we must affirm a verdict unless (1) there is "a complete absence of evidence of a vital fact," (2) "the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact," (3) there is "no more than a mere scintilla" of evidence proving a vital fact; or (4) the evidence conclusively establishes the opposite proposition of a plaintiff's proffered vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In reviewing the evidence, we "must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* at 827. In a factual sufficiency review, we "consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

### C. Medical Expenses

#### (1) Past medical expenses

An award of damages for medical expenses must be supported by evidence of the amount paid or incurred. Tex. Civ. Prac. & Rem. Code § 41.0105 ("recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of the claimant"). In addition, there must be evidence that the expenses were both reasonable and necessary. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 249–50 (Tex. 2021). The reasonable and necessary factors can be proven either by expert testimony or an affidavit made by the provider or custodian of records that includes an itemized statement of the charges and states that "the amount [] charged for a service was reasonable at the time and place that the service was provided and that the service was necessary." Tex. Civ. Prac. & Rem. Code § 18.001 (b), (c). *Jackson v. Gutierrez*, 77 S.W.3d 898, 902–03 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

At the hearing, Holguin's attorney asked her a series of questions about the tests she underwent and treatments she received. For example, she confirmed that she had MRIs, received therapy and pain injections, and went to two different emergency rooms because of the pain. The only evidence of the amount of past medical expenses was the following question and answer:

> Q.    Now, the medical expenses that you have from everything, is that about $16,000?
>
> A.    Yes.

Not only was the evidence at trial for a different amount than that awarded in the final judgment ($60,000), there was no evidence that the expenses were necessary and reasonable.

Holguin argues that the affidavits she filed support the damages award because altogether they represent that she paid or incurred medical expenses in the amount of $303,849.84. Unobjected-to hearsay in the form of affidavits can satisfy Rule 243's requirement of evidence to support unliquidated damages. *Tex. Commerce Bank, Nat. Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999). However, the affidavits must be admitted into evidence or submitted in support of a motion for judgment. *Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex. App.—Dallas 1994, no writ) ("[Damages] may not be calculated from facts in his petition and an instrument in writing not introduced into evidence."); *Chloe's Concepts, LLC v. Clear Rainbow, Inc.*, No. 05-20-00484-CV, 2021 WL 5998006, at *4 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.) (affidavits submitted as evidence in support of default judgment and considered by the trial court were sufficient to support judgment). Even though Holguin filed affidavits with the district clerk, they were not introduced or admitted into evidence. *Pettigrew v. Recoveredge*, No. 05-97-00239-CV, 1997 WL 466518, at *5 (Tex. App.—Dallas Aug. 15, 1997, no writ) (not designated for publication) (holding that no evidence supported the damages because "[n]either affidavit bears any exhibit mark, and nothing in the record indicates the trial judge took judicial notice of the affidavits prior to entering the default judgment"); *c.f. Huffman Asset Mgmt., LLC v. Colter*, 719

S.W.3d 308, 322 (Tex. App.—Dallas 2023, pet. granted), order withdrawn (Jan. 31, 2025) (holding that affidavits were sufficient to support awarded damages when the trial court admitted them into evidence). [4]

### (2) Future medical expenses

"An award of future medical expenses is, by its very nature, not a matter of certainty." *Gunn v. McCoy*, 554 S.W.3d 645, 670 (Tex. 2018). Even so such an award cannot be based on nothing more than speculation. *McDaniel v. Dindy*, 673 S.W.3d 24, 42 (Tex. App.—Fort Worth 2023, no pet.). For future medical expenses, "the plaintiff must present evidence to establish that in all reasonable probability, future medical care will be required and the reasonable cost of that care." *McDaniel*, 673 S.W.3d at 38 (quoting *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). To establish the amount of future medical expenses, a plaintiff can rely on expert testimony or present evidence of "the nature and extent of medical care rendered before trial, the permanent nature of plaintiff's injuries and need for future care, and the plaintiff's condition at the time of trial" as well as "evidence of the reasonable value of past medical treatment." *Id.* at 39, 42.

The evidence that Holguin would incur medical expenses in the future consisted of the following questions and answers:

> Q.     [N]ow, did Dr. Velimirovic ultimately tell you that you are going to need surgery in your back?
>
> A.     Yes.
>
> Q.     Has he told you you're going to need surgery in your neck?
>
> A.     Yes.

---

[4] Amazon also argues that the affidavits are not competent evidence because they do not comply with § 18.001 of the Civil Practice and Remedies Code by including an itemized statement of the services and charges and because they were not served on Amazon. Tex. Civ. Prac. & Rem. Code § 18.001 (c)(2)(3), (d), (d–2). Because we hold that the affidavits cannot be considered because they were not admitted as evidence, we do not reach these arguments.

Q.	Now, those have not been scheduled, but you're also going to [] go with those plans; is that correct?

A.	Yes.

Holguin presented no evidence about the cost of the surgery, much less whether that cost was reasonable and necessary. *McDaniel*, 673 S.W.3d at 42 ("Because there was no probative evidence of reasonable costs of either past or future medical expenses from which the jury could make an assessment of reasonable future medical expenses, we hold that the record in this case does not contain legally sufficient evidence of the reasonable cost of future medical expenses.").

We sustain Amazon's no-evidence challenge to the judgment's award of past and future medical expenses.

### D. Loss of earning capacity

#### (1) Past lost earning capacity

The below testimony was presented regarding Holguin's loss of past earning capacity:

Q.	And, Ms. Holguin, do you make $18.60 an hour?

A.	Yes.

Q.	Do you get paid every time you miss work because you're going to the doctors, or do you not get paid for those?

A.	Yes.

Q.	Oh. So you do not get paid for that time that you miss work; is that correct?

A.	Yes.

Q.	And you have missed 250 hours worth of work; is that correct?

A.	Yes.

.	.	.

Q.	And because you missed 250 hours worth of work, have you missed—have you missed out of work about $4,650 worth of income?

A.	Yes.

7

Based on this testimony, the trial court awarded $4650.00 in lost earning capacity. Amazon argues this testimony was not legally or factually sufficient to support the award because Holguin was required to present evidence of what her earnings would have been after tax deductions.

"[I]f any claimant seeks recovery for loss of earnings [or] loss of earning capacity, . . . evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law." Tex. Civ. Prac. & Rem. Code § 18.091(a). However, failure to present earnings evidence in this form does not render unobjected-to, gross income evidence insufficient, particularly when the wages are modest and any tax deductions would likely be minimal. *Big Bird Tree Services v. Gallegos*, 365 S.W.3d 173, 179 (Tex. App.—Dallas 2012, pet. denied). (affirming the award of lost wages based on evidence of pre-tax wages and noting the lack of objection and apparent low tax rate); *Brenmark Inc. v. Castrejon*, No. 14-24-00546-CV, 2025 WL 2413259, at *6 (Tex. App.—Houston [14th Dist.] Aug. 21, 2025, no pet.) (mem. op.) (same). Other courts have similarly affirmed awards of lost wages based on testimony of the amount of time missed from work and the wage rate, without evidence of tax deductions. *See, e.g., Arellano v. Villegas*, No. 03-23-00398-CV, 2025 WL 284912, at *4 (Tex. App.—Austin Jan. 24, 2025, pet. filed) (mem. op.); *Jackson v. Gutierrez*, 77 S.W.3d 898, 904 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Transp. Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 305 (Tex. App.—Dallas 1988, no writ).

We hold that the evidence supporting the judgment for Holguin's past lost earning capacity was sufficient.

### (2) Loss of future earning capacity

The judgment awarded $116,064.00 for loss of future earning capacity. Loss of future earning capacity is measured not just by what the plaintiff would have earned if she continued working the same job, but by what she had the capacity to earn, even if she never worked in that

capacity. *Big Bird Tree Services*, 365 S.W.3d at 178. As with most future damages, the amount is not susceptible to direct proof, but there must be some evidence by which a factfinder can calculate damages. *Id*. "Non-exclusive factors that may be considered in determining lost earning capacity include evidence of past earnings, the plaintiff's stamina, efficiency, and ability to work with pain, and the plaintiff's work-life expectancy." *Id.* If a plaintiff's evidence is only about the amount of a past wage rate with nothing more, "too much is left to the conjecture." *Paragon Hotel Corp. v. Ramirez*, 783 S.W.2d 654, 661 (Tex. App.—El Paso 1989, writ denied).

Holguin did not explain how much work she expects to miss in the future for therapy or surgery, how long her recovery would take, whether there is any other type of work that she can do, or what her earnings would be at her other job. We agree with Amazon that, based on Holguin's brief testimony, the trial court could only guess what loss of future earnings would be.[5] While the evidence of past lost earnings provides some evidence of her future loss, it is so weak that it cannot support the amount awarded from the trial court and is factually insufficient.

We overrule Amazon's issue in regards as to past earnings, but sustain it as to loss of future earning capacity.

### E. Noneconomic damages

The remainder of the damages awarded to Holguin were noneconomic damages. Noneconomic damages include "physical pain and suffering, mental or emotional pain or anguish, loss of consortium, disfigurement, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, and all other nonpecuniary losses of any kind other than exemplary damages." Tex. Civ. Prac. & Rem. Code § 41.001(12).

---

[5] It appears that the trial court calculated the loss of future earning capacity based on three years of working a 40-hour work week at the same rate ($18.60) she is currently making. Nothing in the evidence, however, supports a finding that Holguin would miss three years of work.

The Texas Supreme Court recently reaffirmed that there must be evidence to support not just the *existence* of noneconomic damages, but also the *amount* of damages:

> Not only must there be evidence of the existence of compensable mental anguish, there must also be some evidence to justify the amount awarded. . . . While the impossibility of any exact evaluation of mental anguish requires that juries be given a measure of discretion in finding damages, that discretion is limited. Juries cannot simply pick a number and put it in the blank. They must find an amount that, in the standard language of the jury charge, "would fairly and reasonably compensate" for the loss. . . . There must be evidence that the amount found is fair and reasonable compensation, just as there must be evidence to support any other jury finding. Reasonable compensation is no easier to determine than reasonable behavior— often it may be harder—but the law requires factfinders to determine both. And the law requires appellate courts to conduct a meaningful evidentiary review of those determinations.

*Gregory v. Chohan*, 670 S.W.3d 546, 555 (Tex. 2023) (quoting *Bentley v. Bunton*, 94 S.W.3d 561, 606 (Tex. 2002) and *Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996)) (cleaned up).[6] The damages at issue in *Gregory* were mental anguish and loss of companionship. But its holding applies to all types of noneconomic damages. *See, e.g., Garza v. Escamilla*, 712 S.W.3d 718, 727 (Tex. App.—Houston [14th Dist.] 2025, no pet.) (applying *Gregory* to damages for physical pain and physical impairment).

With these principles in mind, we review the noneconomic damages awarded to Holguin.

**(1)  Physical pain and mental anguish**

The final judgment awards $100,000 in past physical pain and mental anguish and $150,000 in future physical pain and mental anguish.

After confirming that she was injured moving boxes at work, Holguin answered "yes" to each of the following questions without further elaboration:

- Did it cause a lot of severe pain?
- Now, the pain, was it keeping you up at night?

---

[6] Although *Gregory v. Chohan* was a plurality opinion, the majority of the justices participating signed on to the section containing the quoted portion. *Gregory v. Chohan*, 670 S.W.3d 546, 549, 555 (Tex. 2023)

10

- Was it very, very strong?
- And, Ms. Holguin, you're no longer able to perform a lot of the activities that you used to before this incident; is that correct?
- You're not able to walk as normal; is that correct?
- And you're not able to sit for long periods of time; is that correct?
- You're not able to sleep normally throughout the night; is that correct?
- And the pain wakes you up in the middle of the night many times; is that correct?
- It prevents you from . . . showering and using the restroom properly; is that correct?
- And that will continue to happen in the future; is that correct?
- For example, tomorrow you're still going to wake up with a lot of severe pain; is that correct?
- You're still not going to be able to do a lot of daily activities that you used to; is that correct?

While this testimony may support the existence of physical pain and mental anguish, "there must also be some evidence to justify the amount awarded." *Gregory*, 670 S.W.3d at 555 There is a complete absence of any evidence from which the trial court could calculate damages. We sustain Amazon's issue with regard to past and future pain and mental anguish damages.

### (2) Disfigurement

"Disfigurement has been defined as that which impairs the appearance of a person, or that which renders unsightly, misshapen or imperfect, or deforms in some manner." *Press Energy Services, LLC v. Ruiz*, 650 S.W.3d 23, 55 (Tex. App.—El Paso 2021, no pet.) (quoting *Doctor v. Pardue*, 186 S.W.3d 4, 18 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)). The only evidence of disfigurement was the following testimony:

Q.     And the injections that you've gotten in your back, that's caused a little bit of scarring there; is that correct?

A.     Yes.

Q.     And if you undergo the surgery, that's going to cause you future scarring as well; is that correct?

A.     Yes.

11

Based on this, the trial court awarded Holguin $10,000 in past disfigurement and $10,000 for future disfigurement.

Although a scar, "even when it is small and can be covered by clothing" constitutes disfigurement, it "does not automatically constitute *compensable* disfigurement." *Press Energy Services*, 650 S.W.3d at 55; *Wei v. Lufkin Royale Nail Spa 75901, LLC*, No. 12-23-00309-CV, 2024 WL 2798847, at *7 (Tex. App.—Tyler May 31, 2024, no pet.) (mem. op.) (emphasis added). To recover for disfigurement, the plaintiff must offer testimony or other evidence of the scar's appearance as well as any "emotional impact" it has. *Wei*, 2024 WL 2798847, at *7 (citing *Belford v. Walsh*, No. 14-09-00825-CV, 2011 WL 3447482, at *8 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, no pet.) (mem. op.)).

Holguin did not testify about the scar's appearance, other than agreeing with her attorney's representation that it is "a little bit of scarring." There is no indication in the record that she displayed the scar to the trial court. Holguin did not state where the scar was, how long it would last, or how it affects her. It can be assumed that if she has the surgery recommended by her doctor, it will also cause scarring, but Holguin failed to offer any evidence about the appearance, size, or location that she expects of future scarring. Even had there been such evidence, no evidence was presented to support the amount of the damages as required by the Texas Supreme Court line of cases regarding noneconomic damages and the trial court could only reach the amounts it did by conjecture.[7]

We sustain Amazon's issue as to disfigurement damages.

---

[7] Amazon points out that Holguin only pleaded that she "has also suffered disfigurement" and not that she would suffer disfigurement in the future. However, because its brief makes no argument that the judgment is not supported by the pleadings, we do not reach the issue of whether the pleading is sufficient. Tex. R. App. P. 38.1(i).

### (3) Physical impairment

"An award of damages for physical impairment compensates an injured plaintiff for the loss of her former lifestyle." *Zimmerman Truck Lines, Inc. v. Pastran*, 587 S.W.3d 847, 862 (Tex. App.—El Paso 2019, no pet.). To recover physical damages, the plaintiff must present evidence that the injury either renders her unable to perform a task as before, or "produces such pain that [she] is effectively prevented from performing it." *Id.*

The damages for physical impairment in this case overlap with damages for loss of earnings capacity, pain, and mental anguish. Amazon argues that since damages were awarded for other categories, Holguin is receiving a double recovery by awarding damages for physical impairment. As detailed above, Holguin answered "yes" to questions about whether her pain made sleeping, walking around, doing her job, sitting, showering, and using the restroom difficult. But she also confirmed that she was "no longer able to spend time with [her] family or enjoy [her] family." We must presume that the trial court did not award damages for the same element more than once. *Golden Eagle Archery, Inc*, 116 S.W.3d at 772.

The judgment awards damages for past physical impairment in the amount of $100,000 and future physical impairment in the amount of $200,000. These damages suffer from the same defect as the other noneconomic damages awarded by the trial court—there is no evidence to support the *amount* of the damages, leaving the trial court to "simply pick a number and put it in the blank." *Gregory*, 670 S.W.3d at 555.

We sustain Amazon's issue as to damages for past and future physical impairment.

## III. CONCLUSION

Except for loss of past earning capacity, there is insufficient evidence to support the damages awarded to Holguin. "[W]hen an appellate court sustains a no evidence point after an *uncontested* hearing on unliquidated damages following a no-answer default judgment, the

appropriate disposition is a remand for a new trial on the issue of unliquidated damages. *Holt*, 835 S.W.2d at 86 (emphasis in original). We affirm the judgment as to past earning capacity and reverse and remand the judgment for a new trial on the remainder of the damages.

MARIA SALAS MENDOZA, Chief Justice

May 5,2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.